# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HERMAN JACKSON, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16-CV-166-CDP ) |
| ROBERT MCMAHON, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's motion for leave to proceed in forma pauperis [Doc. 2]. The motion will be granted, and plaintiff will be assessed an initial partial filing fee of $1.70, which is twenty percent of his six-month average deposit. Moreover, after reviewing the complaint, and for the reasons set forth below, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action

fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the Potosi Correctional Center, brings this 42 U.S.C. § 1983 action for alleged constitutional violations against Robert McMahon (Correctional Officer), Jason Davis (Correctional Officer), Bradley Light (Correctional Officer), Holly Queen (Nurse), and Cindy Griffith (Warden). Plaintiff alleges that on May 25, 2015, he refused to comply with "directives to let the officers secure the food port," so defendant McMahon "proceeded to get the crowd control canister of pepper spray and initiated the use of force."  Plaintiff claims he was pepper-sprayed three times "and then a 5-man extraction unit was deployed to [his] cell."  Plaintiff was "assessed by a nurse" and returned to his cell "which had not been cleaned of pepper spray by Hazmat."  Thereafter, plaintiff

2

again refused to comply with orders and was pepper-sprayed again. Plaintiff states that he "declared suicide/self-harm" and proceeded to hit his head on the door "[w]here the officers . . . started taunting [him]." Plaintiff further alleges that he "bust [his] head open on the concrete bunk," and he summarily complains that he "was refused medical attention for the cut on [his] forehead and the migraine."

## Discussion

Plaintiff brings this action against defendants in their official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will*, 491 U.S. at 71. "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to all named defendants.

As additional grounds for dismissing this action, the Court notes that plaintiff has failed to assert any claims or allegations against defendant Cindy Griffith, the Warden. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (the doctrine of

respondeat superior is not applicable in § 1983 actions); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

For these reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as *Herman Jackson, Jr. v. Robert McMahon, Jason Davis, Bradley Light, Holly Queen, and Cindy Griffith*.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 19th day of April, 2016.

_____
UNITED STATES DISTRICT JUDGE